# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:10-cv-488-RJC

| | |
|---|---|
| NICHOLAS RAGIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the court on the following motions filed by Petitioner:

(1) Motion for Judgment on the Merits (Doc. No. 5);

(2) Motion to Stay and Motion to Amend/Correct Motion to Vacate/Set Aside/Correct Sentence (2255) (Doc. No. 25);

(3) Motion to Amend Motion to Vacate/Set Aside/Correct Sentence (2255) (Doc. No. 27); and

(4) Motion for Judgment on the Pleadings (Doc. No. 28).

The Court has carefully considered each motion as well as the other pleadings of record. The court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

The Motion for Judgment on the Merits was filed before cross motions for summary judgment were filed by the parties. Such motion will, therefore, be denied as premature.

The Motion to Stay and Motion to Amend/Correct Motion to Vacate/Set Aside/Correct Sentence (2255) (Doc. No. 25) seeks a stay of the action so that petitioner can secure affidavits from the trial judge and jurors concerning his allegation that he received ineffective assistance of counsel because his counsel fell asleep during trial. To the extent Petitioner seeks leave to amend his petition to add a claim based on trial counsel falling asleep, that claim is adequately raised in the petition and addressed by Respondent in its Response, (Doc. No. 15 at 24). To the extent Petitioner seeks a stay to secure affidavits concerning others observing counsel sleeping, review of subsequent

pleadings indicates that Petitioner actually secured a statement from a juror, which he considers to be an affidavit. As the inquiry on summary judgment does not involve weighing evidence as to whether counsel fell asleep, but whether Petitioner can show that such alleged behavior prejudiced the presentation of his defense, the motion will be denied.

The Motion to Amend Motion to Vacate/Set Aside/Correct Sentence (2255) (Doc. No. 27) seeks not to amend the claims of the petition, but to provide the Court with additional arguments and evidence that has been annexed to such motion. The Court will, therefore, deem such motion to be a Motion to Supplement Response and allow the request. Respondent will be allowed to file a reply to such supplement within 14 days. Petitioner is advised that he need take no further action to place such supplemental materials and arguments before the Court, and that the pleadings will close with Respondent's Reply, if any.

Finally, in the Motion for Judgment on the Pleadings (Doc. No. 28), petitioner seeks to bring to the Court's attention the fact that the cross motions for summary judgment have been ripe for decision since July 19, 2011. The Court has noted such and will issue its decision within a reasonable time after the filing of Respondent's Reply (or the passage of such deadline).

**IT IS, THEREFORE, ORDERED** that Petitioner's

1. Motion for Judgment on the Merits (Doc. No. 5) is **DENIED** as premature;

2. Motion to Stay and Motion to Amend/Correct Motion to Vacate/Set Aside/Correct Sentence (2255) (Doc. No. 25) is **DENIED**;

3. Motion to Amend Motion to Vacate/Set Aside/Correct Sentence (2255) (Doc. No. 27) is **DEEMED** to be a Motion to Supplement Response and is **ALLOWED**. Respondent is **GRANTED** leave, but is not required, to file a Reply to such supplement within 14 days; and

4. Motion for Judgment on the Pleadings, (Doc. No. 28), is **DENIED**.

Signed: March 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge